# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **M.W.**

**No. 18-0198** (Berkeley County CC-02-2015-JA-37)

**FILED**

**October 12, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father J.W., pro se, appeals the Circuit Court of Berkeley County's February 8, 2018, order denying his motion requesting telephone contact and written correspondence with his child M.W.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Brandolyn N. Felton-Ernest, filed a response in support of the circuit court's order and a supplemental appendix. Petitioner filed a reply. On appeal, petitioner argues that the circuit court erred in denying his motion.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In April of 2015, the DHHR filed an abuse and neglect petition against petitioner and the mother. The DHHR alleged that the mother's mental health had rapidly declined in the preceding weeks and that she was unable to properly care for the child as a result.[2] Further, the DHHR alleged that petitioner was unable to care for the child due to his incarceration.[3] At some point during the proceedings, the circuit court granted L.F., an acquaintance of the mother, guardianship of the child and stated that any visitation with the parents would be at L.F.'s discretion.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]The child was diagnosed with cerebral palsy at a young age and, as such, is unable to walk and is nonverbal.

[3]Petitioner will not become eligible for parole until October of 2025. His anticipated release date is in April of 2045.

In January of 2018, petitioner filed a motion with the circuit court asking that L.F. be ordered to make arrangements for him to speak with his child via telephone or written correspondence. According to petitioner, he established a "routine" with L.F., wherein he was permitted to speak to the child through the mother on her cellphone when she visited the child. However, in his motion petitioner stated that, despite having contact with this child from December of 2016 through June of 2017, L.F. had not responded to his attempts to contact the child since that time. Without holding a hearing on the matter, the circuit court denied petitioner's motion, finding that visitation was at the discretion of L.F. and that petitioner failed to provide any evidence or argument to persuade the circuit court otherwise. It is from the February 8, 2018, order denying his motion that petitioner appeals.[4]

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in denying his motion requesting that L.F. be ordered to permit telephone contact and written correspondence between petitioner and the child. According to petitioner, L.F. was not granted "unfettered discretion" to determine whether petitioner could have contact with the child. Further, petitioner alleges that the circuit court erred in denying his motion without first holding a hearing or appointing the child a guardian ad litem in order to determine whether continued contact was in the child's best interest. We find petitioner's argument to be without merit.

To begin, petitioner fails to cite to any law requiring the circuit court to hold a hearing on his motion or appoint a guardian ad litem for the child in this matter. This Court has previously held that "[t]he guardian ad litem's role in abuse and neglect proceedings does not actually cease until such time as the child is placed in a permanent home." Syl. Pt. 5, *James M. v. Maynard*, 185

---

[4]The parents' parental rights remain intact. Guardianship of the child was placed with L.F. and the permanency plan is for the child to remain in L.F.'s care.

W.Va. 648, 408 S.E.2d 400 (1991). According to Rule 3 of the Rules of Procedure for Child Abuse and Neglect Proceedings, permanent placement of a child means

> (1) The petition has been dismissed and the child has been returned to the home or to a relative with no custodial supervision by the Department;
>
> (2) The child has been placed in the permanent custody of a non-abusive parent; or
>
> (3) A permanent out-of-home placement of the child has been achieved following entry of a final disposition order. A permanent out-of-home placement has been achieved only when the child has been adopted, placed in a legal guardianship, placed in another planned permanent living arrangement (APPLA), or emancipated[.]

Here, permanent placement of the child was achieved when the circuit court, by dispositional order, placed the child under L.F.'s legal guardianship. Therefore, the guardian's duties in the matter ceased at that time, and the circuit court was under no obligation to appoint a guardian ad litem for the limited purpose of addressing petitioner's motion.

Further, petitioner failed to provide any evidence or argument demonstrating that L.F. should not have discretion regarding visitation. During the abuse and neglect proceedings, the circuit court determined that it was in the child's best interest to place him under the legal guardianship of L.F. and determined that she would have discretion to determine whether petitioner would have any visitation consistent with the child's best interest. Rule 15 of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings provides the standard for determining post-relinquishment visitation:

> If at any time the court orders a child removed from the custody of his or her parent(s) and placed in the custody of the [DHHR] or of some other responsible person, the court may make such provision for reasonable visitation, telephone or video calls, letters, email, or other communication as is consistent with the child's well-being and best interests. The court shall assure that any supervised visitation shall occur in surroundings and in a safe place, dignified, and suitable for visitation, taking into account the child's age and condition. The person requesting visitation shall set forth his or her relationship to the child and the degree of personal contact previously existing with the child. In determining the appropriateness of granting visitation rights to the person seeking visitation, the court shall consider whether or not the granting of visitation would interfere with the child's case plan and the overall effect granting or denying visitation will have on the child's best interests.

In granting L.F. discretion regarding visitation with the parents, the circuit court took petitioner's lengthy incarceration and the child's medical condition into consideration. Further, while petitioner argues that a hearing or appointment of a guardian ad litem was necessary for the circuit court to determine what was in the child's best interest, we note that the circuit court, after

3

having reviewed the evidence, found that legal guardianship with visitation at L.F.'s discretion was in the child's best interest. Petitioner has not shown a significant change in circumstance since that time demonstrating that the child's best interests warrant ordering L.F. to permit petitioner telephone calls or written correspondence with the child. Accordingly, we find that petitioner is entitled to no relief in this regard.

For the foregoing reasons, we find no error in the decision of the circuit court, and its February 8, 2018, order is hereby affirmed.

Affirmed.

**ISSUED**:  October 12, 2018

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Paul T. Farrell sitting by temporary assignment
Justice Tim Armstead
Justice Evan H. Jenkins

Justice Allen H. Loughry II, suspended and therefore not participating